FILED

2003 OCT 31  P 12: 46

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
HARTFORD CT

| | |
|---|---|
| MARY SAROJAK ) | CIVIL ACTION NO.: 3:03cv1050(DJS) |
|     Plaintiff ) | |
| ) | |
| vs. ) | |
| ) | |
| THE METALLICS GROUP ) | |
| D/B/A METALLICS, INC AND ) | |
| F. MICHAEL MOLA ) | |
|     Defendants. ) | OCTOBER 30, 2003 |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Pursuant to Rule 7 of the Federal Rules of Civil Procedure and Rule 7 of the Local Rules of the Civil Procedure, Plaintiff, Ms. Mary Sarojak, through counsel respectfully submits Plaintiff's Opposition to Defendant's Motion to Dismiss Counts Five and Six of Plaintiff's Amended Complaint.

**ORAL ARGUMENT NOT REQUESTED**
**TESTIMONY NOT REQUIRED**

RESPECTFULLY SUBMITTED,<br>
PLAINTIFF,<br>
MS. MARY SAROJAK

By:    _____<br>
       Robert Fortgang<br>
       Federal Bar No. ct 05437<br>
       Robert Fortgang Associates<br>
       Greystone Court - 573 Hopmeadow Street<br>
       Simsbury, CT 06070

## CERTIFICATION

I hereby certify that I have this 29th day of October, 2003, mailed a copy of the foregoing, postage prepaid, to the following counsel of record:

*Attorney William Ryan*<br>
*Attorney Michael R. Brandt*<br>
*Ryan & Ryan, LLC*<br>
*105 Court Street - Suite 303*<br>
*New Haven, Connecticut 06511*

Dated:       October 29, 2003

_____<br>
Robert Fortgang

*UNITED STATES DISTRICT COURT*
*DISTRICT OF CONNECTICUT*

| | |
|---|---|
| *MARY SAROJAK* )<br>    *Plaintiff* )<br>)<br>*vs.* )<br>)<br>*THE METALLICS GROUP* )<br>*D/B/A METALLICS, INC AND* )<br>*F. MICHAEL MOLA* )<br>    *Defendants.* ) | CIVIL ACTION NO.: *3:03cv1050(DJS)*<br><br><br><br><br><br><br>October 30, 2003 |

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

*Introduction*

On June 13, 2003 Plaintiff, Mary Sarojak, through her counsel filed an Eight (8) count complaint with this Court, alleging, *inter alia*, violation of Title VII of the Civil Rights Act of 1964, as amended, and the Connecticut Fair Employment Practices Act. More specifically, Ms. Sarojak was forced to participate in a skit entitled "Metallics Playboy Bunnies" that was allegedly part of a National Sales Meeting for the defendant company. The attendees of this meeting were predominantly white males who until that point had a professional relationship with the plaintiff. The crux of the skit at issue had the plaintiff standing between two (2) large African American males with the two (2) males holding Scooby Doo dolls and Ms. Sarojak holding a Bunny Rabbit. With the three (3) of them facing the audience they were directed by Mr. Mola to place their respective dolls on the table in front of them with the two (2) Scooby Doo Dolls representing the two (2) African American males and the Bunny Rabbit representing the plaintiff. Humbled and embarrassed the three (3) individuals, including Ms. Sarojak, placed their dolls on the table. Mr. Mola, not satisfied with the sexual overture that he was striving for by having Ms. Sarojak positioned between two large African American males, took the dolls and

manipulated them in such a fashion so that one (1) Scooby Doo was "humping" Ms. Sarojak's Bunny Rabbit from the front while the other Scooby Doo was "humping" Ms. Sarajok's doll from the back. With the room full of white salesman that were rooting for the Scooby Doo dolls and laughing at the skit and the plaintiff, the three (3) unwilling participants were forced to stand there, humiliated and degraded at the events that had just taken place. Even more obnoxious, on information and belief, this skit had been video taped by the defendant, who has since then made a number of copies of this "skit."

Immediately after this skit, the plaintiff complained to management who readily admitted that they over reached. More egregiously, the defendant casually dismissed its unlawful behavior by declaring that "we are after all only human." In response to plaintiff's complaint of sexual harassment, the defendant began a pattern of unlawful retaliation against her that ultimately culminated in her job being "eliminated".

Now, the defendant comes before this Court and attempts to argue that the plaintiff has failed to allege facts sufficient to rise to the level of extreme and outrageous conduct.[1] As the instant Amended Complaint has alleged, plaintiff has adequately alleged facts sufficient to support claims for intentional infliction of emotional distress.

---

[1] In light of the holding in *Perodeay v. Hartford*, 259 Conn. 729, 792 A.2d 752 (2002), the plaintiff does not oppose the dismissal of Count Six (6) [Negligent Infliction of Emotional Distress].

*Previous Proceedings*

1. On June 13, 2003, Plaintiff filed an eight (8) count complaint with this Court.
2. On August 15, 2003, defendant filed a Motion for a More Definite Statement.
3. In an effort at avoiding Motion Practice, on September 5, 203, Plaintiff filed an Amended Complaint seeking to address defendant's concerns.
4. On September 24 2003, Defendant filed the instant Motion to Dismiss.

*Standard for a Motion to Dismiss*

A motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) should be granted only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). The function of a motion to dismiss is "merely to assess the legal feasibility of a complaint, not to assay the weight of evidence which might be offered in support thereof." *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc.*, 748 F.2d 774, 779 (2d Cir.1984), *quoting Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir.1980). The motion must therefore be decided solely on the facts alleged. *See Goldman v. Belden*, 754 F.2d 1059, 1065 (2d Cir.1985).

When deciding a motion to dismiss for failure to state a claim on which relief can be granted, the court must accept the material facts alleged in the complaint as true, and all reasonable inferences are drawn and viewed in a light most favorable to the plaintiff. *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir.1996); *Staron v. McDonald's Corp.*, 51 F.3d 353, 355 (2d Cir.1995); *Skeete v. IVF America, Inc.*, 972 F.Supp. 206, 207 (S.D.N.Y.1997). The court "must not dismiss the action

'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [the plaintiff's] claim which would entitle [the plaintiff] to relief.'" *Cohen v. Koenig*, 25 F.3d 1168, 1172 (2d Cir.1994). The issue is not whether the plaintiff will prevail, but whether she should have the opportunity to prove her claims. *See Conley v. Gibson*, 355 U.S. 41, 45, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

*Asserting Intentional Infliction of Emotional Distress*

In order to assert a claim for intentional infliction of emotional distress, the plaintiff must establish four elements: "(1) that the actor intended to inflict emotional distress; or that he knew or should have known that the emotional distress was a likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the distress suffered by the plaintiff was severe." *Petyan v. Ellis*, 200 Conn. 243, 253. 510 A.2d 1337 (1986); *see also Cavuoto v. Oxford Health Plans, Inc.*, No. 3:99-CV-00446 (EBB), 2000 WL 888263 at *8 (D.Conn. June 22, 2000).

Whether the defendants' conduct is sufficient to satisfy the element of extreme and outrageous conduct is a question, in the first instance, for the court. *Johnson v. Chesebrough-Pond's USA Co.*, 918 F.Supp. 543, 552 (D.Conn.), *aff'd*, 104 F.3d. 355 (2d Cir.1996). Liability for intentional infliction of emotional distress requires conduct that is so extreme and outrageous that it goes beyond all possible bounds of decency, is regarded as atrocious, is utterly intolerable in a civilized society, and is of a nature that is especially calculated to cause, and does cause, mental distress of a very serious kind. *See Taylor v. Maxxim Medical, Inc.*, 2000 WL 630918 at *3 (D.Conn.2000); *Rapkin v. Rocque*, 97 F.Supp.2d 244 (D.Conn.2000), *citing Petyan*, 200 Conn. at 254 n. 5, 510 A.2d 1337 and *DeLaurentis v. New Haven*, 220 Conn. 225, 266-67, 597 A.2d 807

(1991); *Johnson*, 918 F.Supp. at 552 (general rule "is that there is liability for conduct exceeding all bounds usually tolerated by a decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind"), *quoting Mellaly v. Eastman Kodak Co.*, 42 Conn. Supp. 17, 19-20, 597 A.2d 846 (Conn.Super.Ct.1991); *see also Cavuoto*, 2000 WL 888263 at *8; 1 Restatement (Second) at comment (d) ("[C]onduct must be so outrageous and extreme . . . as to go beyond all possible grounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society."). Thus, "[i]t is the intent to cause injury that is the gravamen of the tort." *DeLaurentis*, 220 Conn. at 266-67, 597 A.2d 807, *citing Hustler Magazine v. Falwell*, 485 U.S. 46, 53, 108 S.Ct. 876, 99 L.Ed.2d 41 (1988).

Liability for intentional infliction of emotional distress requires conduct that exceeds "'all bounds usually tolerated by decent society . . . .'" *Petyan v. Ellis*, supra, 200 Conn. 254 n.5, quoting W. Prosser & W. Keeton, Torts (5th Ed. 1984) § 12, p. 60. "Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'" 1 Restatement (Second), Torts § 46, comment (d), p. 73 (1965). "Conduct on the part of the defendant that is merely insulting or displays bad manners or results in hurt feelings is insufficient to form the basis for an action based upon intentional infliction of emotional distress." *Mellaly v. Eastman Kodak Co.*, 42 Conn. Sup. 17, 19, 597 A.2d 846 (1991).

*Application of the Facts Alleged to the Law*

Applying these standards to the present case and viewing the allegations in the light most favorable to the plaintiff, the defendants' action, as alleged, clearly can be viewed as "outrageous and extreme . . . [as] to be regarded as atrocious and utterly intolerable in a civilized society."

Moreover, as if it was not outrageous enough that the plaintiff was forced to participate in a skit in front of a large number of male colleagues, sandwiched between two (2) large African American males – but Mr. Mola had to leave no doubt in the mind of his audience regarding his perverse motives and sense of humor by manipulating the props in such a manner as to emphasize that the two (2) African American males were fornicating with the plaintiff at the same time. – One (1) from the front and one (1) from the back. This behavior, as alleged *and admitted by the defendants*, certainly exceeds all bounds usually tolerated by a decent society, and would most certainly evince an average member of the community to exclaim, "Outrageous".

WHEREFORE, Count Five (5) of Plaintiff's Amended Complaint has sufficiently alleged facts that would demonstrate that the defendants conduct was of such an extreme and outrageous nature as to support a claim for intentional infliction of emotional distress.

RESPECTFULLY SUBMITTED,
PLAINTIFF,
MS. MARY SAROJAK

By: Robert Fortgang
Federal Bar No. ct 05437
Robert Fortgang Associates
Greystone Court - 573 Hopmeadow Street
Simsbury, CT 06070

## CERTIFICATION

I hereby certify that I have this 29th day of October, 2003, mailed a copy of the foregoing, postage prepaid, to the following counsel of record:

*Attorney William Ryan*
*Attorney Michael R. Brandt*
*Ryan & Ryan, LLC*
*105 Court Street - Suite 303*
*New Haven, Connecticut 06511*

DATED:   OCTOBER 29, 2003

Robert Fortgang