UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 AUG 10  A 11: 35

DISTRICT COURT
HARTFORD, CT.

| | | |
|---|---|---|
| MARY SAROJAK, | : | CIVIL ACTION |
| Plaintiff, | : | NO. 3:03 CV 1050 (DJS) |
| | : | |
| V. | : | |
| | : | |
| THE METALLICS GROUP D/B/A | : | |
| METALLICS, INC. AND F. MICHAEL MOLA, | : | |
| Defendants. | : | AUGUST 9, 2004 |

## DEFENDANTS' MEMORANDUM IN SUPPORT OF
## MOTION FOR PROTECTIVE ORDER

I.    **BACKGROUND**

The Plaintiff, Mary Sarojak ("Plaintiff Sarojak") is a former employee of the Defendant,

Metallics Group d/b/a Metallics, Inc. ("Metallics"). During her employment with Metallics, the

Plaintiff Sarojak was supervised by Robert Sobczak, who was the Vice President of Operations

and a member of the management group of the Defendant Metallics. Both the Plaintiff Sarojak's

position and Mr. Sobczak's position were eliminated by Metallics on April 20, 2001.

While both the Plaintiff Sarojak and Mr. Sobczak were still employed by Metallics, the

management group of Metallics, including Mr. Sobczak, met with Attorney William A. Ryan in

his office, to seek legal advice regarding issues relating to the Plaintiff Sarojak's employment and

the overall economic condition of Metallics ("The Meeting").

After the Plaintiff Sarojak's position was eliminated, she filed suit with the Commission

on Human Rights and Opportunities ("CHRO"). On May 1, 2003, the CHRO investigator

Kathleen Bowden Garassino held a fact finding hearing relating to the Plaintiff Sarojak's

complaint, but did not notify or invite Metallics or its counsel William A. Ryan to participate,

despite the fact that Attorney Ryan had filed an appearance and answer on behalf of Metallics. To add insult to injury, unbeknown to the Defendant or its counsel, Mr. Sobczak, who clearly had been privy to attorney-client privileged communications during the course of The Meeting, and who had spoken to the Plaintiff Sarojak's counsel outside the presence of Metallics counsel, was invited to testify at this hearing.[1]

At the fact finding, Plaintiff Sarojak's counsel, Fred Frangie, who was referred to by Mr. Sobczak as "Fred",[2] improperly questioned Mr. Sobczak concerning what was discussed at The Meeting between Attorney William Ryan and the management group of Metallics. A summary of the pertinent testimony is set forth below:

CHRO:      Which meeting?

Attorney:      The one that he had with the attorney.

CHRO:      Ok.

Attorney:      I would like to know exactly what happened at that meeting. I don't believe we're, we're infringing on attorney client privilege because he was part of it.

CHRO:      Ok.

Attorney:      Am I right? What do you think?

CHRO:      I don't know, you're the attorney here.

Attorney:      Yeah I know but I always err on the side of making sure that we are not, we're not uh. What happened at that meeting where...?

---

[1] Both the Plaintiff Sarojak and her counsel had spoken to Mr. Sobczak subsequent to her termination. The Plaintiff testified during her deposition that she had spoken to him about being let go from the company and had spoken to him a couple of times on the telephone. See Excerpts from Deposition of Mary Sarojak ("Sarojak Deposition") attached hereto as Exhibit 1, at pp. 82-83. She further testified that she told Mr. Sobczak that she had hired an attorney. See Sarojak Deposition at p. 84. In addition, she acknowledged that her attorney had also spoken to Mr.Sobczak. See Sarojak Deposition at pp. 87-88. As evidence of this fact, Mr. Sobczak during the course of the fact finding, referred to the Plaintiff's counsel as "Fred". Specifically, in response to the CHRO investigator's request for additional information, Mr. Sobczak informed the CHRO investigator that he "would be able to get back to uh "Fred" with that information..." See Affidavit of Jennifer Vincent at ¶ 6 .
[2] See Affidavit of Jennifer Vincent at ¶ 6.

<u>See</u> Affidavit of Jennifer Vincent attached hereto as Exhibit 2 at ¶ 4.

Thereafter, Mr. Sobczak who was indisputably angry over the elimination of his

position by Metallics,[3] proceeded to testify about The Meeting and mischaracterized the

purpose of The Meeting and the advice that was given by Attorney Ryan during said

meeting. Such testimony by Mr. Sobczak, without the presence of Metallics or its

counsel, was and is highly prejudicial to Metallics. In addition to being covered

protected by the attorney-client privilege, it was inaccurate and provided by an angry

former Vice President!

The Plaintiff Sarojak has now disclosed Mr. Sobczak as a witness in the instant

action. <u>See</u> Initial Disclosures attached hereto as Exhibit 3. She testified in her deposition

that he would be called to testify about "everything else that led up to my termination...".

<u>See</u> Sarojak Deposition at p. 85. As such, the Defendants move for a protective order

barring the use or further disclosure of any information gathered from Mr. Sobczak by

the Plaintiff Sarojak or her counsel that is protected by the attorney-client privilege or

was obtained in violation of Rule 4.2 and Rule 4.4 of the Rules of Professional Conduct

and barring the Plaintiff Sarojak's counsel from any further ex parte communications with

Mr. Sobczak.

## II.    <u>DISCUSSION</u>

Rule 26(c) of the Federal Rules of Civil Procedure provides:

Upon motion by a party or by the person from whom discovery is sought,
accompanied by a certification that the movant has in good faith conferred or
attempted to confer with other affected parties in an effort to resolve the dispute
without court action, and for good cause shown, the court in which the action is
pending . . . may make any order which justice requires to protect a party or
person from annoyance, embarrassment, oppression, or undue burden or expense,
including one or more of the following:

---

[3] <u>See</u> Sarojak Deposition at p. 82.

(1) that the disclosure or discovery not be had  . . . [4]

**A.    The Communications During The Meeting Between The Management Group and Attorney Ryan Are Protected By The Attorney-Client Privilege**

The definition of attorney-client privilege is "(1) where legal advice of any kind is sought (2) from a professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from himself or by the legal advisor, (8) except the protection be waived." United States v. Stern, 511 F.2d 1364, 1367-68 (2d Cir. 1975)(citing Wigmore, Evidence § 2292 (McNaughton Rev. 1961)).

In Upjohn v. United States, 449 U.S. 383, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981), the Supreme Court held that communications between corporate counsel and corporate employees in order to secure legal advice were protected by the attorney-client privilege. Id. at 395. This holding has been extended by the District Court of Connecticut to protect communications between former employees and corporate counsel as well.   Peralta v. Cendant Corporation, 190 F.R.D. 38, 41 (D. Conn. 1999)(Court held that privileged information obtained by a former supervisor during her employment, including information conveyed by counsel during that period, remained privileged upon termination of the former supervisor's employment.)

In this matter, Metallics' management group, which included Mr. Sobczak, met with Attorney William Ryan seeking legal advice regarding issues relating to the Plaintiff Sarojak's employment, as well as the overall economic condition of Metallics. All members of the management group participated in providing information to Attorney Ryan so that he could better advise Metallics. Accordingly, the communications between Attorney Ryan and members of the management group during The Meeting were clearly protected by the attorney-client

---

[4] See Affidavit of William Ryan attached hereto as Exhibit 4.

privilege and a protective order is sought barring use or disclosure of the attorney-client

privileged information by Robert Sobczak.

### B.    The Information Was Obtained In Violation Of The Professional Rules of Conduct

Rule 4.2 of the Rules of Professional Conduct provides:

> In representing a client, a lawyer shall not communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so.

The Comment to Rule 4.2 provides that "[i]n the case of an organization, the Rule prohibits

communications by a lawyer for one party concerning the manner in representation [1] with

persons having a managerial responsibility on behalf of the organization...." . <u>See</u> Comment to

Rule 4.2.

Although neither Rule 4.2 or the Comments thereto specifically address its applicability

to former employees of a corporation represented by counsel, the Connecticut District Court in

<u>Dubois v. Gradco Systems, Inc.</u>, 136 F.R.D. 341, 346 (D. Conn. 1991) stated:

> ...some former employees continue to personify the organization even after they have terminated their employment relationship.  An example would be a managerial level employee involved in the underlying transaction....This kind of former employee is undoubtedly privy to privileged information, including work product, and an opposing lawyer <u>is not entitled to reap a harvest of such information without a valid waiver by the organization...</u>

<u>Dubois</u>, 136 F.R.D. at 346; *see also* <u>U.S. v. Housing Authority of the Town of Milford</u>, 179

F.R.D. 69, 74 ( Court permitted ex parte interview of former employee but did so cautioning that

"[i]t is beyond dispute that privileged information gained by [a former employee] as the

Executive Director at the Authority should not be revealed . . .").

The Court in <u>Dubois</u> further held that:

> …**it goes without saying** that, with respect to any unrepresented former employee, **plaintiff's counsel must take care not to seek to induce or listen to disclosures by the former employees of any privileged attorney-client communications to which the employee was privy**. After all, the privilege does not belong to, and is not for the benefit of, the former employee; rather, it belongs to, and is for the benefit of, [the employer corporation]. Thus, **efforts by plaintiff's counsel to induce or listen to privileged communications may violate Rule 4.4 of the Model Rules of Professional Conduct,** which requires respect for the rights of third persons.[5] (Emphasis supplied.)

<u>Dubois</u>, 136 F.R.D. at 347.

In the instant case, as set forth repeatedly herein, Mr. Sobczak was indisputably a managerial employee who attended The Meeting between Metallics' management group and Attorney Ryan and was privy to confidential attorney-client information relating to the Plaintiff Sarojak's employment. It is undisputed that neither Metallics or its counsel was invited to or present at the CHRO fact finding and thus could not and did not waive its attorney-client privilege relating to communications made during the course of The Meeting. Thus, the Plaintiff Sarojak is not entitled to reap the benefit of any confidential attorney-client privileged communications which occurred during the course of The Meeting.

Second, as evident from the excerpt of the fact finding before the CHRO set forth above, counsel for the Plaintiff Sarojak not only listened to, but clearly invited the disclosure by Mr. Sobczak of privileged communications made duringThe Meeting and purposefully ignored the rights of Metallics.  Specifically, Plaintiff Sarojak's counsel clearly recognized that an attorney-client privilege may be involved, but directly and unabashedly addressed the privileged material knowing full well that neither Metallics nor its counsel was invited or present at the fact finding to protect the Defendants' rights!

---

[5] Rule 4.4 provides in pertinent part: "In representing a client, a lawyer shall not…use methods of obtaining evidence that violate the legal rights of such a person."

The Court in <u>Dubois</u> recognized that under such circumstances, as set forth above, a protective order is appropriate. Specifically, the Court stated that, "[i]n instances of ethical violations or questionable ethical behavior by plaintiff's counsel with regard to the ex parte interviews of former [corporate] employees, the court could order the discontinuation of such interviews. . . . If any such information comes to light, defendants are free...to file a motion for a protective order or other relief." <u>Dubois</u>, 136 F.R.D. at 347. (Internal citations omitted.)

The above excerpt shows clearly that Plaintiff Sarojak's counsel violated both Rule 4.2 (as interpreted by Dubois) and Rule 4.4. Thus, the Defendants are entitled to an order barring any further ex parte interviews of Mr. Sobczak by Plaintiff Sarojak's counsel, and barring the use of or further disclosure of attorney-client privileged communications which occurred during The Meeting between the Management Group and Attorney William Ryan.

## III.    **CONCLUSION**

WHEREFORE, the Defendants move for a protective order:

(a) Precluding and/or barring any testimony offered by Robert Sobczak that would disclose communications protected by the attorney-client privilege;

(b) Precluding and/or barring the Plaintiff Sarojak from using any information obtained unethically from ex parte communications between the Plaintiff Sarojak's counsel and Mr. Sobczak; and

(c) Precluding and/or barring any further ex parte interviews of Mr. Sobczak relating to The Meeting as well preventing any further disclosure or discovery concerning attorney-client communications occurring at The Meeting between the management group of Metallics and Attorney William Ryan.

THE DEFENDANTS,
THE METALLICS GROUP D/B/A
METALLICS, INC. AND
F. MICHAEL MOLA

Holly Quackenbush Darin  (ct10183)
Ryan & Ryan, LLC
900 Chapel Street, Suite 621
New Haven, CT  06510
(203) 752-9794
-Its Attorneys-

## **CERTIFICATION**

The undersigned hereby certifies that the foregoing was mailed, first class, postage prepaid, this 9th day of August 2004 to all counsel and pro se parties of record as listed below:

Fred Frangie
Robert Fortgang
Robert Fortgang Associates
573 Hopmeadow Street
Simsbury, Connecticut 06070

Holly Quackenbush Darin

8