FILED

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

2004 AUG 23  A 10: 38

U.S. DISTRICT COURT
HARTFORD, CT.

| | |
|---|---|
| MARY SAROJAK ) <br>     *Plaintiff* ) <br> ) <br> vs. ) <br> ) <br> THE METALLICS GROUP ) <br> D/B/A METALLICS, INC AND ) <br> F. MICHAEL MOLA ) <br>     *Defendants.* ) | CIVIL ACTION NO.: 3:03cv1050(DJS) <br><br><br><br><br><br><br> AUGUST 20, 2004 |

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Pursuant Rule 26(c) of the Federal Rules of Civil Procedure and Rule 7 of the Local Rules of the Civil Procedure for the District of Connecticut, Plaintiff, Ms. Mary Sarojak, through counsel respectfully submit Plaintiff's Opposition to Defendant's Motion for a Protective Order.

                                            RESPECTFULLY SUBMITTED,
                                            PLAINTIFF,
                                            MS. MARY SAROJAK

By:    Robert Fortgang
         Federal Bar No.  ct 05437
         Robert Fortgang Associates
         Greystone Court - 573 Hopmeadow Street
         Simsbury, CT  06070

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARY SAROJAK )<br>    Plaintiff )<br>)<br>vs. )<br>)<br>THE METALLICS GROUP )<br>D/B/A METALLICS, INC AND )<br>F. MICHAEL MOLA )<br>    Defendants. ) | CIVIL ACTION NO.: 3:03cv1050(DJS) |

### PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER

Pursuant Rule 26(c) of the Federal Rules of Civil Procedure and Rule 7 of the Local Rules of the Civil Procedure for the District of Connecticut, Plaintiff, Ms. Mary Sarojak, through counsel respectfully submit Plaintiff's Opposition to Defendant's Motion for Protective Order.

In the instant case, defendants seek to preclude plaintiff's counsel from acquiring and/or disclosing communications with Robert Sobczak, a former Metallics' employee and plaintiff's chief witness, on the basis of the attorney-client privilege. More specifically, on May 1, 2003 the CHRO ordered a Fact Finding Conference whereby the lead Investigator spoke to and questioned plaintiff's direct supervisor, Mr. Robert Sobczak. During that examination, Mr. Sobczak testified to plaintiff's job performance, the sexual harassment and retaliation that is the subject of this law suit, his efforts at assisting the plaintiff seek redress for defendants' egregious behavior, and Metallics' lackluster efforts at addressing Ms. Sarojak's complaints of discrimination. Significantly, less then (1) month after Mr. Sobczak brought the plaintiff's complaint of sexual harassment to defendant's "Management Team", Mr. Sobczak and the plaintiff were called into separate rooms and simultaneously terminated from Metallics' employ.

Now, well after the discovery deadline has passed, the defendant petitions this Court for a protective order preventing the disclosure of a communication that allegedly occurred during a "meeting" in which Mr. Sobczak, along with several other unidentified individuals met with Attorney Ryan. Additionally, defense counsel uses an extremely broad brush stroke in his attempt to identify the scope of the protective order he now seeks. More specifically, other then referring to issues involving "Plaintiff Sarojak's employment" and the "overall economic conditions of Metallics', the defendants have not identified any specific facts or communications that would lend itself to the granting of such a unique remedy. In essence, the defendant is attempting to bar plaintiff's chief witness from testifying to the unlawful behavior that was continuously displayed by Defendants Metallics and Mola. Since no attorney-client exists between opposing counsel and a _former_ employee of Metallics, defendant's efforts at precluding Mr. Sobczak from testifying into non specific areas must fail. For the foregoing reasons, defendant's Motion must be denied.

I.  LEGAL STANDARD.

"It is axiomatic that the burden is on a party claiming the protection of a privilege to establish those facts that are the essential elements of the privileged relationship." *In re Grand Jury Subpoena dated January 4, 1984, 750 F.2d 223. 224 (2 Cir. 1984).* "An inquiry into whether a party asserting a privilege has met its burden [is evaluated on a case]- by- case basis. In addition, mere conclusory assertions that privilege exists do not satisfy the burden." *U.S v. Housing Authority of Town of Milford, 179 F.R.D. 69, 71 (D.Conn. 1997).* "In certain circumstances, a court may extend a party's privilege to cover the party's former employees." *Dubios v. Gradco Systems, 136 F.R.D. 341, 346 (D. Conn. 1991).* However, before the attorney-client privilege can be used to prevent such *ex parte* contact, the party asserting the privilege must meet its burden of establishing that the privilege exists." *Von Bulow by Auersperg v. von Bulow, 811 F. 2d 136, 144 (2d Cir. 1987), cert denied, 481 U.S. 1015, 107 S.Ct. 1891, 95 L.Ed.2d 498 (1987).*

II.  ARGUMENTS.

A.  *The General Rule.*

The general rule is that the attorney-client privilege does not bar opposing counsel from communicating with <u>former</u> employees of a defendant company. "As a general rule, attorney-client privilege will not preclude contact with former employees of an opposing party to litigation." *Dubios v. Gradco Systems,* 136 F.R.D. at 341. It is not in dispute that Mr. Sobczak is a former employee of the defendant or that he was terminated from his employment at Metallics at the exact same time as the plaintiff.

B.  *Professional Rules of Conduct.*

Rather disingenuously, Attorney Quakenbush alleges that the undersigned violated Rule 4.2 and 4.4 of the Model Rules of Professional Conduct. However, a reading of existing case law demonstrates that this is not the case. "Whatever the right of the corporation to 'barricade' against *ex parte* contact those of potential witnesses who are current employees,...former employees are outside the ramparts. There is therefore no ethical bar against plaintiff's attorneys having *ex parte* communications with the former employee." *Polycast Technology Corporation v. Uniroyal, Inc.,* 129 F.R.D. 621, 628 (S.D.N.Y. 1990).[1] This ruling is consistent with that of the Standing Committee on Ethics and Professional Responsibility. This position is consistent with that of the ABA Formal Opinion, in which the Standing Committee on Ethics and Professional Responsibility states that *neither the Rule nor its comment purports to deal with former employees of a corporate party.*" *Dubios v. Gradco Systems,* 136

---

[1] It should be noted that the communication in question was initiated and convened by the Commission on Human Rights and Opportunities as part of its Fact Finding. The undersigned takes exception to the defendant's insinuations that plaintiff's counsel had orchestrated an *ex parte* meeting with former employees of Metallics.

*F.R.D. at 344. (quotations omitted).* Therefore, defendants' assertions of any unethical behavior with respect to being included in a fact finding conference with Mr. Robert Sobczak is misplaced.

Defendant contends that the management group of Metallics, including Mr. Sobczak, met with Attorney Ryan in his office on an unidentified date, to allegedly "seek legal advice regarding issues relating to the Plaintiff Sarojak's employment and the overall economic condition of Metallics" ("The Meeting") and because Mr. Sobczak was included in this meeting, plaintiff's counsel should not be allowed to disclose or conduct any discovery concerning The Meeting between the management group of Metallics and Attorney William Ryan. As stated above, the general rule regarding former employees is that there is no ethical bar against plaintiff's attorneys having *ex parte* communications with former employees. Relying upon some dicta in *Dubious*, the defendant attempts to carve out an exception for former employees by asserting that "some former employees continue to personify the organization even after they have terminated their employment relationship." The Court goes on further to provide a specific example of those types of former employees who might personify the organization even after his or her employment relationship has been severed. "An example would be <u>a managerial level employee involved in the underlying transaction, who is also conferring with the organization's lawyer in marshalling the evidence on its behalf</u> ... This kind of former employee is undoubtedly privy to privileged information, including work product, and an opposing lawyer is not entitled to reap a harvest of such information without a valid waiver by the organization..." The defendant has not alleged that Mr. Sobczak was privy to any evidence, nor was he alleged to be working with defendant's counsel in acquiring evidence or privy to any work product to justify such an extraordinary remedy. "The privilege remains an exception to the general duty to disclose. Its benefits are all indirect and speculative; its obstruction is plain and concrete...It is worth preserving for the sake of a general policy, but it is nonetheless an obstacle to the

investigation of the truth. It ought to be strictly confined within the narrowest possible limits consistent with the logic of its principle." *Peralta v. Cendant Corp. 190 F.R.D. 38; 1999 U.S. Dist. LEXIS 18951* citing 8 Wigmore, Evidence sec. 2291, at 554 (rev. ed. 1961).

Additionally, it is plaintiff's contention that Mr. Sobczak's simultaneous employment termination was in retaliation for his assisting her in opposing the discriminatory and retaliatory conduct that makes up the plaintiff's Complaint. Therefore, one could hardly argue that Mr. Sobczak was an employee who "personified" that of Metallics.

As the defendant has failed to demonstrate that Mr. Sobczak personified Metallics after he was separated from its employ and has further failed to identify with specificity any privileged information to which Mr. Sobczak might have been privy to, defendant's Motion for a Protective Order should be denied.

**C.        *Mr. Robert Sobzak was not Included in the Underlying Transaction***

Moreover, as the undisputed facts of this case demonstrate, the Defendant's Management Committee that participated in the decision to terminate Ms. Sarojak consisted of Randall Mola (CEO), Richard Paladino (President), Judith Couture (Vice Presdient of Human Resources) and Jan Doughty (Vice President of Accounting). (See Defendant's Response to Interrogatory Number twenty (20). Of particular importance, Mr. Robert Sobczak was_not part of Metallics' Management Team. Thus, he was not involved in the underlying transactions that comprises plaintiff's retaliation claim

Additionally, the "Meeting" at issue allegedly had nothing to do with the Plaintiff or any of the allegations contained in her Complaint. As Defendant's response to Plaintiff's Interrogatories Number

WHEREFORE, the plaintiff, through her counsel, respectfully request that Defendant's Motion be denied.

                                                                        RESPECTFULLY SUBMITTED,
                                                                        PLAINTIFF,
                                                                        MS. MARY SAROJAK

By:    Robert Fortgang
           Federal Bar No. ct 05437
           Robert Fortgang Associates
           Greystone Court - 573 Hopmeadow Street
           Simsbury, CT  06070

### CERTIFICATION

I hereby certify that I have this 20th day of August 2004, mailed a copy of the foregoing, postage prepaid, to the following counsel of record:

*Attorney William Ryan*
*Attorney Holly Quackenbush*
*Ryan & Ryan, LLC*
*105 Court Street - Suite 303*
*New Haven, Connecticut 06511*

Dated:  August 20, 2004

                                                                        Robert Fortgang

Case 3:03-cv-01050-DJS    Document 32    Filed 08/23/2004    Page 8 of 11

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARY SAROJAK,<br>    Plaintiff | CIVIL ACTION<br>NO. 3:03 CV 1050 (DJS) |
| V. | |
| THE METALLICS GROUP D/B/A<br>METALLICS, INC. AND F. MICHAEL<br>MOLA<br>    Defendants | June 30, 2004 |

**DEFENDANT'S COMPLIANCE WITH
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION**

PROPOUNDING PARTY:   MARY SAROJAK.

RESPONDING PARTY:   DEFENDANT METALLICS GROUP

SET NUMBER:   FIRST SET.

Pursuant to Rules 26(b), 33 and 34 of the Federal Rules of Civil Procedure, and the local rules governing practice and procedure in the District Court of Connecticut, including and incorporating the definitions section of D. Conn.L.Civ.R.39, the Plaintiff, Ms. Mary Sarojak, hereby propound the following Interrogatories and Requests for Production to be responded to by the Defendant, Metallics Group d/b/a Metallics, Inc. ("Defendant Metallics, Inc.", "Metallics" or "Defendant").

In answering these interrogatories and requests for production, the Defendant is hereby instructed to furnish all information available to them including information in its possession,

**Attachment 1**

this action. The Defendant anticipates using the entire documents listed unless otherwise specified in the Initial Disclosures and such documents will be used by the Defendant to support its defenses to the claims of the Plaintiff.

**Interrogatory No. 5**
Identify all persons whom you believe or have reason to believe possess facts, information, or knowledge concerning the allegations stated in the Plaintiff's Complaint, including, for each person, the identity of all particular facts, information or knowledge which he or she possess, including all related documents.

**ANSWER:** See Defendant's Initial Disclosures dated October 27, 2003. In addition, Andre Evans and Charles Gibson were participants in the skit at issue and Robert Sobczak would have information concerning the Plaintiff's performance as her direct supervisor.

**Interrogatory No. 6**
Identify all discrimination training, including but not limited to sexual harassment and retaliation training, which you have provided to supervisors and employees, including defendant Michael Mola, during the period of the Plaintiff's employment and the two (2) year period which preceded your hiring of the Plaintiff, and all related documents.

**ANSWER:** None

**Interrogatory No. 7**
Identify any and all investigations and inquiries, of any nature or type, which Defendant Metallics conducted at any time into the allegations stated in the Plaintiff's Complaint, including, but not limited to witness statements, reports, the nature and extent of all information secured, the identity of all person from whom information has been secured, factual findings, conclusions, any remedial actions taken by Defendant Metallics and all related documents.

**ANSWER:** On March 29, 2001, Richard Paladino, Judith Couture, and Robert Sobczak met with the Plaintiff and learned that she was upset about the skit on March 22, 2001. She informed them that she would like an apology and on April 3, 2001 an apology was issued to all participants of the skit. See April 3, 2001 Apology attached to the Defendant's Initial Disclosures dated October 27, 2003.

**Interrogatory No. 8.**
Identify all discrimination policies, including but not limited to sexual harassment and retaliation, which have been in effect during the period of Plaintiff's employment and the two (2)

**Attachment 1**

7

Notwithstanding the foregoing objection and without waiving same, <u>see</u> copy of Employee Handbook dated July 23, 1999, which was applicable during the period of time the Plaintiff was employed by the Defendant.

<u>Interrogatory No. 15</u>
Please describe the procedures used by the Defendant Metallics in addressing plaintiff's complaint of sexual harassment.

ANSWER: The Plaintiff objects to Interrogatory No. 15 on the basis that it is vague. Specifically, the Plaintiff's Amended Complaint does not allege that she complained of sexual harassment.

Notwithstanding the foregoing objection and without waiving same, on or about March 29, 2001, the Plaintiff verbally complained about the skit on March 22, 2001 to Mr. Sobczak, the Vice President of Operations and the Plaintiff's supervisor at the time. In response, Mr. Sobczak brought the Plaintiff to meet with Richard Paladino, President of Metallics, and Judith Couture, the Vice President of Human Resources, on March 29, 2001. At this meeting, the Plaintiff advised the Defendant that she was upset about the skit. The Plaintiff asked for an apology and Mr. Mola, Chairman of the Board of the Defendants at the time of the skit, issued an apology to all participants of the skit. <u>See</u> Memorandum dated April 3, 2001 attached to the Defendant's Initial Disclosures dated October 27, 2003.

<u>Interrogatory No. 16</u>
Please describe in detail the Plaintiff's job description and include the identity of each individual(s) to whom she reported to and who reported to her, each individual(s) she was to interact and coordinate with on a regular basis, and a detailed description of each and every performance indicator or milestone used to gauge the Plaintiff's performance.

ANSWER: The Defendant objects to Interrogatory 16 on the basis that it seeks vague and overbroad and seeks information which is irrelevant and will not lead to the discovery of admissible evidence.

Notwithstanding the foregoing objection and without waiving same, the Plaintiff's job was Purchasing Agent and she reported to Robert Sobzak. There were any number of individuals with whom the Plaintiff would interact and coordinate with on a regular basis during the approximate year and a one-half that she worked for Metallics. <u>See</u> Job Description attached to the Defendant's Initial Disclosures dated October 17, 2003; <u>see also</u> Employee Handbook dated July 23, 1999.

**Attachment 1**