FILED

2004 OCT -4 A II: 27

U.S. DISTRICT COURT
HARTFORD, CT.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARY SAROJAK ) | CIVIL ACTION NO.: 3:03cv1050(DJS) |
|     Plaintiff ) | |
| ) | |
| vs. ) | |
| ) | |
| THE METALLICS GROUP ) | |
| D/B/A METALLICS, INC AND ) | |
| F. MICHAEL MOLA ) | |
|     Defendants. ) | |

## PLAINTIFF MARY SAROJAK'S LOCAL RULE 56(A)(2) STATEMENT

The Plaintiff, Mary Sarojak, ("Ms. Sarojak" or "plaintiff") through her legal counsel, pursuant to F.R.C.P. 56(a)(2) hereby submits her Local Rule 56(A)(2) Statement in response to defendants' Local Rule 56(a)1 Statement.

1. Admit.

2. Admit.

3. Denied. Plaintiff admits that her supervisor during her employment was Mr. Robert Sobczak who was Vice President of Operations. Plaintiff further admits that Mr. Sobczak was responsible for overseeing the Purchasing Department. (Sarojak Dep. pp. 60 & 71).

4. Plaintiff admits that Ms. Sarojak's employment with the defendant Metallics was not covered by any written contract of employment other then defendant's employment manual. (Sarojak Dep. pp. 33-34).

5. Plaintiff admits that she received a policy manual dated July 23, 1999 that purports to cover the terms and conditions of plaintiff's employment.

6. Deny. (Exhibit J).

7. Admit.

8. Denied. The Personal Telephone Calls policy as well as the memorandums referenced by the defendants includes a condition that "Personal calls should be made during break periods or your lunch hour times." (See Exhibits H, I and J).

9. Admit.

10. Admit.

11. Denied. Plaintiff Sarojak was intimidated and threatened into participating in an office skit which was to be performed on March 22, 2001. (Plaintiff's Affidavit ¶ 12)

12. Denied. Plaintiff Sarojak was intimidated and threatened into participating in an office skit which was to be performed on March 22, 2001. (Plaintiff's Affidavit ¶ 12 )

13. Denied. On March 21, 2001 a rehearsal of the skit was conducted, however what was rehearsed that day and what actually occurred the following day at the sales' meeting were significantly different. (Plaintiff's Affidavit ¶ 16 )

14. Denied. On March 21, 2001 a rehearsal of the skit was conducted, however what was rehearsed that day and what actually occurred the following day at the sales' meeting were significantly different. (Plaintiff's Affidavit ¶ 16)

15. Admit.

16. Denied. Plaintiff was instructed to put the bunnies on the table and "shake their booties." (Sarojak Dep. pp. 46-47).

17. Denied. The plaintiff thought the skit that was rehearsed on March 21, 2001 was silly. (Sarojak Dep. pp. 41).

18. Denied. More specifically, the plaintiff denies that portion of this allegation that states "according to the Plaintiff Sarojak's version of the skit…" (Sarojak dep. pp. 42).

19. Denied. The video taping and picture taking was not taken by Defendant Metallics. On information and belief, the defendants hired a photographer and a videographer to video tape the sales meeting. (Plaintiff's Affidavit ¶ 15, and Exhibit K).

20. Admit.

21. Denies. Plaintiff denies the characterization that she was laughing throughout the skit.(Videotape 00:22:59 to 23.19)

22. At that time, the plaintiff did not find that portion of the skit offensive. (Plaintiff's Affidavit ¶ 14 )

23. Denied. The two (2) African American women danced only when they were ordered to by Defendant Mola. Moreover, the two (2) African Americans were identified as "girls" compared to the four (4) white females who participated in the first skit who were identified to the male audience as "beautiful woman. And "Metallics' Playboy Bunnies." (Videotape 23.30 – 24:14).

24. Denied. According to the plaintiff, the Defendant Mola gave Mr. Gibson and Mr Evans brown Scooby Doos that were bigger then plaintiff's bunny. (Sarojak Dep. pp. 42).

25. Admit as to what the plaintiff recalls.

26. Deny. In the third and final segment of *"Entertainment,"* Mr. Mola announces *"Now we got a couple of top-dogs coming out here now ...and what we got is our Plant Manager, Andre Evans, and the fellow that is with him Charlie Gibson ...so lets have the big-dogs ...come on."* (Videotape 24:19 – 24:32)

27. Admit.

28. Admit.

29. Denied. The plaintiff, a very petite, very fair-skinned Caucasian, with very blonde hair, came out for a second command performance and took her assigned place between Mr. Andre Evans and Mr. Charles Gibson, and placed her Bunny on the table between the two (2) Scooby's. Significantly, the battery-operated Scooby's stood upright on two (2) paws, with what appeared to be a Pogo Stick, diagonally appended to its body at waist-level. At this point, the two (2) dark-colored Scooby's representing the two (2) black

males, and the one (1) light-colored Bunny, representing the Caucasian plaintiff, were all switched-on. (Videotape at 24:52)

30. Admit.

31. Denied. Plaintiff found that portion of the skit silly up until Defendant Mola decided, on his own, to deviate from the rehearsal and add a sexual charge to his "entertainment". From that point on the skit became offensive to the plaintiff. (Plaintiff's Affidavit; Sarojak Dep. pp. 54).

32. Admit that Defendant Mola took one (1) of the brown Scooby Doos and positioned it as if it was penetrating the plaintiff's bunny from behind, and the other gentlemen positioned the other Scooby Doo in front of plaintiff's bunny as if it were penetrating from the front. (Videotape 00:25:04 to 00:25:08).

33. Denied. The Plaintiff, clearly agitated and embarrassed at the unrehearsed events that had just unfolded in front of a room full males who were now laughing and cheering the sex act orchestrated by Defendant Mola. (Videotape at 00:25:04, Plaintiff's Affidavit ¶ 21).

34. Deny. The entertainment, in particular the skits that the plaintiff was forced to participate in, taken as a whole, was demeaning, offensive, and lasted well over four (4) seconds. (Videotape 24:52 – 25:17)

35. Deny. The plaintiff was the first person to pick up her bunny and exit the room. (Videotape 25:17).

36. Denied. Plaintiff was very uncomfortable with the skit that included Mr. Andre Evans and Mr. Charles Gibson. (Plaintiff's Affidavit ¶ 21).

37. Denied. Plaintiff was very uncomfortable with the skit that included the Scooby Doos. Particularly, when the defendants manipulated the Scooby Doos in such a manner as to

        demonstrate that they were simultaneously fornicating with plaintiff's bunny. (Plaintiff's Affidavit ¶ 20).

38. Deny. The entertainment, in particular the skits that the plaintiff was forced to participate in, taken as a whole, was demeaning, offensive, and lasted well over four (4) seconds. (Videotape 24:48 – 25:17).

39. Admit.

40. Admit.

41. Denied in Part. The following week the plaintiff met with Ms. Judith Couture and Mr. Richard Paladino. The plaintiff explained how she thought Defendant Mola's actions were wrong and that she was sexually harassed by him. In response Ms. Couture asked the plaintiff what she wanted her to do. Ms. Sarojak wanted Mr. Mola to recognize what he did was wrong and to apologize for his despicable behavior. (Sarojak Dep. 62-63).

42. Denied. The April 3, 2001 Memorandum is authored by "Management" not by Mr. Mola. Interestingly, plaintiff's written reprimand of April 12, 2001 is also authored by "The Management Team" yet Mr. Mola's signature is mysteriously missing. (Exhibits C and D).

43. Denied. Mr. Mola's office is based out of Connecticut and he visits the Metallics' Connecticut office three (3) to four (4) times. Additionally, the apology is not signed by Defendant Mola, nor does it acknowledge that he takes responsibility for his unlawful action. (Exhibit C).

44. Admit.

45. Denied. Defendants have refused to respond to plaintiff's discovery request that speak to Defendant Metallics' sales numbers, thus plaintiff cannot admit or deny this allegation. (Exhibit G-Request for Production 6, 7, 8, 9, and 10)

46. Denied. Defendants have refused to respond to plaintiff's discovery request that speak to Defendant Metallics' sales numbers, thus plaintiff cannot admit or deny this allegation. (Exhibit G-Request for Production 6, 7, 8, 9, and 10)

47. Denied. Ms. Sarojak's employment was terminated, in part, because she complained to management about Mr. Mola's behavior. Mr. Sobczak's employment was terminated because he assisted Ms. Sarojak in complaining to management about Mr. Mola's egregious behavior. (Plaintiff's Affidavit ¶ 38).

48. Denied. (Exhibit L)

49. Denied. Plaintiff's office was moved as a means of separating her from the only individual who has assisted her in opposing defendants' discriminatory behavior, Mr. Robert Sobczak. (Plaintiff's Affidavit ¶ 35).

50. Plaintiff's job was not affected by the move. However, besides being a smaller office that was isolated away from Mr. Sobczak's office, Plaintiff's new office did not have everything she needed to get her work done. (Sarojak Dep. 73-74)

51. Admit.

52. Admit that on April 12, 2001 the plaintiff was counseled for allegedly making excessive personal telephone calls. Plaintiff vehemently denies this allegation. (Sarojak Dep. pp. 66).

53. Deny. Shortly thereafter, the plaintiff's employment is terminated. (Exhibit F).

54. Denied. Plaintiff admits that she may have called her mother at times but never during working hours, therefore never in contravention of defendant's personal telephone call policy or the subsequent memorandums that it issued. (Sarojak's Dep. pp. 66; Exhibit H, I and J).

55. Denied. Ms. Sarojak's employment was terminated, in part, because she complained to management about Mr. Mola's behavior. Mr. Sobczak's employment was terminated

because he assisted Ms. Sarojak in complaining to management about Mr. Mola's egregious behavior. (Plaintiff's Affidavit ¶ 38).

56. Admit.

57. Denied. In terminating Ms. Sarojkak's employment, Ms. Couture was perpetuating Defendants Mola and Metallics' discriminatory rancor and retaliatory animus against the plaintiff. (Plaintiff's Affidavit ¶ 36).

58. Admit.

59. Deny. Defendants have refused to respond to plaintiff's discovery request that speak to the individual who replaced the plaintiff and/or Mr. Robert Sobczak, thus plaintiff cannot admit or deny this allegation. (Exhibit G- Production Request 12)

60. Admit.

61. Admit.

62. Admit.

63. Admit.

64. Deny. As a result of defendants' egregious actions, plaintiff has extreme difficulty and anxiety interacting in a group setting. (Plaintiff's Affidavit ¶ 39)

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARY SAROJAK ) | CIVIL ACTION NO.: 3:03cv1050(DJS) |
|     Plaintiff ) | |
| ) | |
| vs. ) | |
| ) | |
| THE METALLICS GROUP ) | |
| D/B/A METALLICS, INC AND ) | |
| F. MICHAEL MOLA ) | |
|     Defendants. ) | |

DISPUTED ISSUES OF MATERIAL FACT

1.  Plaintiff's job performance at Metallics was never an issue. Moreover, plaintiff discharged her duties as a Purchasing Agent with competency and precision.

2.  Plaintiff was mandated to participate in a skit entitled "The Entertainment" for the predominantly male audience.

3.  Plaintiff and at least two (2) other women were singled out by Defendant Mola to participate in an upcoming skit. The women were chosen not for their qualifications or the department they worked in, but rather Defendant Mola's decision to choose plaintiff and the other women to participate in the skit was based solely upon their sex, age and appearance.

4.  The other participants of the "Entertainment" were chosen based upon their inclusion in a protected class.

5.  Plaintiff's complaint of sexual harassment was not taken seriously by either Defendant Metallics or Defendant Mola.

6.  The defendants' remedial efforts at resolving the sexual harassment complaint was insufficient.

7.  Plaintiff was falsely accused of making personal telephone calls during work hours.

8.  Plaintiff was retaliated against for complaining about sexual harassment in that she was counseled by five (5) members of the management team for allegedly making personal telephone calls during working hours.

9.  Defendant's motivating reason for falsely accusing the plaintiff of making personal telephone calls was to commence a paper trail against her in justifying her employment termination.

10. Unlike the plaintiff, other Metallics' employees, who made personal telephone calls during working hours, were not counseled.

11. Plaintiff was retaliated against for complaining about sexual harassment in that she was given a written reprimand that was signed by no less than five (5) members of the management team for allegedly making personal telephone calls during work hours.

12.     Unlike the plaintiff, other Metallics' employees, who made personal telephone calls during working hours, were not given a written reprimand

13.     Plaintiff did not make personal telephone calls during working hours.

14.     Plaintiff was further retaliated against for complaining about sexual harassment in that she was transferred to a smaller, more remote office.

15.     Assigning the plaintiff to a smaller office also had the effect of separating her from her direct supervisor, Mr. Robert Sobczak. Mr. Sobczak assisted the plaintiff in getting her complaint of sexual harassment heard by the defendant's Human Resource Department.

16.     Plaintiff was retaliated against for complaining about sexual harassment in that her job position was allegedly eliminated.

17.     Plaintiff's direct supervisor, Mr. Robert Sobczak, assisted Ms. Sarojak in opposing unlawful discrimination in violation of Title VII and the Connecticut Fair Employment Practices Act.

18.     Mr. Sobczak's position at Metallics was eliminated at the exact same time as the plaintiff as a result of his supporting the plaintiff in opposing unlawful activity protected by Title VII and the Connecticut Fair Employment Practices Act.

19.     Defendant's reason for eliminating the plaintiff's job position is a pretext for unlawful discrimination.

20.     Defendant's sole reason for eliminating Robert Sobczak's position was because he assisted and supported the plaintiff in opposing sexual discrimination.

21.     Defendants' sole reason for eliminating plaintiff's position was because she complained about sexual harassment.

RESPECTFULLY SUBMITTED,
PLAINTIFF,
MS. MARY SAROJAK

By:     Robert Fortgang
        Federal Bar No. ct 06437
        Robert Fortgang Associates
        Greystone Court - 573 Hopmeadow Street
        Simsbury, CT  06070

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARY SAROJAK ) | CIVIL ACTION NO.: 3:03cv1050(DJS) |
| *Plaintiff* ) | |
| ) | |
| vs. ) | |
| ) | |
| THE METALLICS GROUP ) | |
| D/B/A METALLICS, INC AND ) | |
| F. MICHAEL MOLA ) | |
| *Defendants.* ) | |

### PLAINTIFF MARY SAROJAK'S LIST OF EXHIBITS

| | |
|---|---|
| Affidavit of Mary Sarojak | Exhibit A |
| Internal memorandum from Defendant Metallics' entitled Metallics' Sales Representatives Tour | Exhibit B |
| Internal memorandum dated April 3, 2001 | Exhibit C |
| Written reprimand dated April 12, 2001 issued to plaintiff | Exhibit D |
| Mr. Robert Sobczak's UC-61 Form | Exhibit E |
| Plaintiff's UC-61 Form. | Exhibit F |
| Defendants' Responses to Plaintiff's Discovery Requests 6/30/04 | Exhibit G |
| Memorandum dated May 3, 2000 | Exhibit H |
| Memorandum dated August 18, 2000. | Exhibit I |
| Defendant's Employee Manual | Exhibit J |
| Receipt of Photography Services rendered to Metallics on 3/22/01 | Exhibit K |
| Mr. Robert Sobczak's Job Description as of 4-17-01. | Exhibit L |
| Plaintiff's Deposition Transcript | Exhibit M |