UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **MARY SAROJAK,** | : | CASE NO. 3:03CV1050 (DJS) |
|     Plaintiff, | : | |
| | : | |
| - v - | : | |
| | : | |
| **THE METALLICS GROUP D/B/A** | : | |
| **METALLICS, INC. and F. MICHAEL MOLA,** | : | |
|     Defendants. | : | |

## MEMORANDUM OF DECISION

The plaintiff, Mary Sarojak ("Sarojak"), brings the present action alleging employment discrimination and emotional distress pursuant to Title VII of the Civil Rights Act of 1964, the Connecticut Fair Employment Practices Act and certain torts under Connecticut common law. Defendants The Metallics Group d/b/a Metallics, Inc. (collectively "Metallics") and F. Michael Mola ("Mola") have moved the court **[doc. #12]** to dismiss Count Five, alleging intentional infliction of emotional distress, and Count Six, alleging negligent infliction of emotional distress, of the Amended Complaint. The motion to dismiss **[doc. #12]** is **GRANTED in part**.

## STATEMENT OF FACTS

The facts are drawn primarily from Sarojak's Amended Complaint and are accepted as true for purposes of ruling on the pending motion to dismiss. Sarojak was employed as a purchasing agent by Metallics from December 15, 1999 until April 20, 2001. Sarojak received at least satisfactory reviews of her performance until March 22, 2001. At that time, Sarojak was required to participate in a skit performed at a national sales meeting attended by sales

representatives for Metallics from around the country. The skit was entitled "Metallics Playboy Bunnies."

The skit, according to plaintiff, consisted in large part of Sarojak standing between two large African-American men behind a table. Plaintiff held a bunny rabbit doll and the two men each held Scooby Doo dolls. The participants were instructed by defendant Mola to place their dolls on the table and did so. According to plaintiff, Mola positioned the Scooby Doo dolls in such a way that one doll was "humping" the rabbit doll from the front while the other was "humping" the rabbit from behind. Plaintiff also contends that this skit was video taped by defendant Mola who has since made copies and, presumably, distributed them. Sarojak states in her complaint that Mola's actions deviated from the skit rehearsed prior to the meeting, but she does not explain what the skit was originally intended to be or how Mola deviated from the rehearsal.

Sarojak was embarrassed, offended and distressed by her participation in the skit and Mola's behavior. She complained to her supervisor on March 23, but no action was taken against Mola. Plaintiff complained again to her supervisor, Robert Sobczak, on March 29, at which time she was taken to see Richard Paladino, President of Metallics, and Judith Couture, Vice President of Human Resources. Mola apologized for his behavior on April 3, 2001.

Sarojak was reprimanded for making excessive personal phone calls on company time during a meeting on April 12. She contends that this reprimand was retaliation for her complaints about Mola's conduct and the alleged sexual harassment during the sales meeting. Plaintiff was also reassigned to a smaller, more isolated office in April, presumably after the meeting with Paladino and Couture. Sarojak contends that her reassignment was also retaliatory. Finally, on April 20, 2001 Sarojak was terminated by Metallics, purportedly as a result of job elimination. Plaintiff claims that the company's stated motive was pretextual and

that the real motive for terminating her employment was retaliatory.

## STANDARD OF REVIEW

When considering a Rule 12(b)(6) motion to dismiss, the court accepts as true all factual allegations in the complaint and draws inferences from these allegations in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996).  Under Rule 12(b)(6), dismissal is warranted only if, under any set of facts that the plaintiff can prove consistent with the allegations, it is clear that no relief can be granted.  Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Cooper v. Parsky, 140 F.3d 433, 440 (2d Cir. 1998).  "The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his or her claims."  United States v. Yale New Haven Hosp., 727 F. Supp. 784, 786 (D. Conn. 1990) (citing Scheuer, 416 U.S. at 232).  In its review of a motion to dismiss, the court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken."  Samuels v. Air Transp. Local 504, 992 F.2d 12, 15 (2d Cir. 1993).

## DISCUSSION

Metallics and Mola move for dismissal of Counts Five and Six of Sarojak's Amended Complaint. Sarojak does not oppose dismissal of Count Six alleging negligent infliction of emotional distress. Count Six is dismissed. Plaintiff does contest dismissal of Count Five, alleging intentional infliction of emotional distress by both Mola and Metallics.

Intentional infliction of emotional distress is a tort under Connecticut common law.

The Connecticut Supreme Court has stated that, in order to recover damages on a claim of intentional infliction of emotional distress, the plaintiff must show:

> (1) that the actor intended to inflict emotional distress; or that he knew or should have known that emotional distress was a likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress and (4) that the emotional distress sustained by the plaintiff was severe.

Peytan v. Ellis, 200 Conn. 243, 253 (1986). "Whether a defendant's conduct is sufficient to satisfy the requirement that it be extreme and outrageous is initially a question for the court to determine." Appleton v. Board of Educ. of Town of Stonington, 254 Conn. 205, 210 (2000). "'Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" Id. at 210-11 (citing 1 Restatement (Second) of Torts § 46, comment (d) (1965)). The conduct must be of a "nature which is especially calculated to cause, and does cause, mental distress of a very serious kind." Ancona v. Manafort Bros., Inc., 56 Conn.App. 701, 746 (Conn.App.Ct. 2000).

Further, when the defendant is an employer, the court look's to the employer's conduct, not the motive behind the conduct, to determine if it was extreme or outrageous. Miner v. Town of Cheshire, 126 F.Supp.2d 184, 195 (D. Conn. 2000). "An employer's adverse yet routine employment action, even if improperly motivated, does not constitute extreme and outrageous behavior when the employer does not conduct that action in an egregious and oppressive manner." Id.

Sarojak claims that Metallics intentionally caused her emotional distress when the company: (1) refused to take necessary action to protect her and other women from sexual harassment; (2) refused to protect plaintiff from Mola; and (3) retaliated against her for

complaining about Mola's conduct by first reprimanding and then terminating her. Nothing in plaintiff's complaint, even taken as true, supports a claim of intentional infliction of emotional distress against Metallics. It is immaterial that Metallics may have acted out of a desire for retribution, because motive does not factor into the court's inquiry. There is nothing to suggest that the company conducted what was clearly a series of adverse yet routine employment actions in a humiliating, extreme or outrageous manner. Plaintiff has failed to state a claim for intentional infliction of emotional distress against Metallics.

Sarojak's claim against Mola presents a different situation. "Whether conduct alleged by the plaintiff was 'extreme and outrageous' within the meaning of established law is normally a jury question, and the court should not usurp the role of the jury unless no reading of the facts alleged by the plaintiff could constitute the tort." Ferraro v. Stop & Shop Supermarkt Co., 2000 WL 768525, *4 (Conn.Super.Ct. May 25, 2000). The allegations in the complaint are sufficient to show that Mola acted in a manner that was tasteless, sexually charged and offensive. It would be possible for a reasonable person to conclude that Mola's workplace conduct is intolerable in a civilized community. Also, Mola arguably intended to place Sarojak in a sexually hostile and deeply embarrassing position that would likely result in extreme emotional distress. There is no basis for concluding, at this time, that plaintiff cannot state a claim against defendant Mola. The motion to dismiss is denied without prejudice to re-raising the issue in a motion for summary judgment.

## CONCLUSION

Sarojak has failed to state a claim for intentional infliction of emotional distress against Metallics. The motion to dismiss the claim against Mola, however, fails at this stage

and is dismissed without prejudice. Accordingly, the motion to dismiss **[doc. #12]** is **GRANTED in part**. Count Six of the complaint is dismissed in its entirety and Count Five of the complaint is dismissed in so far as it states a claim against Metallics.

**IT IS SO ORDERED** at Hartford, Connecticut, this __7th__ day of October, 2004.

                                                    /s/DJS
                              **DOMINIC J. SQUATRITO**
                             **UNITED STATES DISTRICT JUDGE**